FILED
**United States Court of Appeals
Tenth Circuit**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 31, 2024**

**Christopher M. Wolpert
Clerk of Court**

_____

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>STEVEN M. HOHN,<br><br>Defendant - Appellant. | No. 22-3009<br>(D.C. No. 2:19-CV-02082-JAR-JPO<br>2:12-CR-20003-JAR-3 and<br>2:19-CV-02491-JAR-JPO)<br>(D. Kan.) |

_____

**ORDER**

_____

Before **HOLMES**, Chief Judge, **HARTZ**, **TYMKOVICH**, **MATHESON**, **BACHARACH**, **PHILLIPS**, **MCHUGH**, **EID**, **CARSON** and **ROSSMAN**, Circuit Judges.[*]

_____

Following the September 18, 2023 oral argument in this matter, a poll was called to consider whether this matter should be heard and decided by the *en banc* court in the first instance. A majority of the active judges of the court voted in favor of initial hearing *en banc*, and the poll carried.

Judge Rossman has written separately in dissent. Judge Rossman's dissental is joined by Judge Bacharach.

---

[*] The Honorable Nancy L. Moritz and the Honorable Richard E. N. Federico are recused in this matter.

Although this entire case will be heard *en banc*, the parties shall address the following questions in supplemental briefs:

A.    Did *Shillinger v. Haworth*, 70 F.3d 1132 (10th Cir. 1995) correctly hold that it is structural error for the government to purposefully intrude without legitimate justification into the attorney-client relationship and that prejudice must be presumed?

B.    When, if ever, does the government unjustifiably intrude into the attorney-client relationship by intentionally obtaining attorney-client communications that are not privileged?

Appellant's supplemental brief shall be filed within 30 days of the date of this order, and shall be limited to 25 pages in length in a 13- or 14-point font. Within three business days of the electronic filing of Appellant's supplemental brief, 16 hard copies must be received in the Office of the Clerk. Within 30 days of the filing of Appellant's supplemental brief, Appellee shall file a supplemental response brief subject to the same limitations. Sixteen hard copies of Appellee's supplemental brief must be received in the Clerk's Office within three business days of the brief's electronic filing. Within 14 days of the electronic filing of Appellee's supplemental response brief, Appellant may file a supplemental reply brief. The supplemental reply brief shall be limited to 10 pages in length in a 13- or 14-point font. Like the primary supplemental briefs, 16 hard copies of the supplemental reply brief must be received in the Clerk's Office within three business days of the brief's electronic filing.

The court anticipates setting this matter for hearing on the May 2024 oral argument calendar. Therefore, motions for extension of time are strongly discouraged.

The parties will be advised of the date and time of oral argument when the court's May 2024 calendar is set.

Entered for the Court,

CHRISTOPHER M. WOLPERT, Clerk

*United States* v. *Hohn*, No. 22-3009

**ROSSMAN**, Circuit Judge, joined by **BACHARACH**, Circuit Judge, dissenting from the grant of *sua sponte* initial *en banc* review.

This appeal was briefed, argued before a panel of this court, and submitted for decision in September 2023. Now, without the benefit of a panel decision and with no request from the parties, the majority has ordered this appeal to be "heard and decided by the *en banc* court in the first instance." *En banc* review is "an extraordinary procedure." 10th Cir. R. 35.1(A); *see also* Fed. R. App. P. 35(a) (*en banc* review "is not favored"). Initial *en banc* is rarer still, let alone *sua sponte* initial *en banc* consideration. The court is taking a highly unusual step.

In my view, it is a mistake to bypass the norms of our appellate process. A panel opinion in this matter, particularly here after briefing and oral argument, would aid the dispositional process and help all stakeholders assess the suitability of *en banc* consideration. Moreover, no party requested initial *en banc* consideration or had reason yet to seek *en banc* review. A litigation choice of such consequence belongs to litigants, not courts. Adherence to the well-settled "principle of party presentation" counsels strongly against the majority's *sua sponte* decision. *Greenlaw* v. *United States*, 554 U.S. 237, 243 (2008). I respectfully dissent.